IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BHUPENDER AKULA d/b/a SSB SALES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TELESTAX, INC., ) <br> ) <br> Defendant. ) | Civil Action No. 17-1740-CJB |

## MEMORANDUM ORDER

The Court, having reviewed Defendant Telestax, Inc.'s ("Defendant" or "Telestax") motion for judgment on the pleadings, filed pursuant to Federal Rule of Civil Procedure 12(c) (the "12(c) Motion"), (D.I. 20), and related briefing, (D.I. 21, 23, 27), and Plaintiff Bhupender Akula, d/b/a/ SSB Sales's ("Plaintiff" or "Akula") motion for leave to amend complaint, filed pursuant to Federal Rule of Civil Procedure 15(a) (the "Motion to Amend"), (D.I. 24), and related briefing, (D.I. 25, 27, 30), and having heard oral argument on the motions on October 10, 2018, (D.I. 43), **HEREBY ORDERS** as follows:

1. Telestax's 12(c) Motion is GRANTED with regard to Count I (Akula's breach of contract claim), to the extent that Telestax seeks dismissal of any breach of contract claim relating to breaches resulting in damages beyond the $109,397 figure set out in Paragraph 22 of the operative Complaint (the "Complaint"), (D.I. 1 at ¶ 22). The Court agrees with Telestax that Akula's Complaint fails to sufficiently plead facts making out a plausible claim of breach of contract with regard to "renewal commissions and additional commission from the Key Customer contract[.]" (*Id.*) As to that "Key Customer contract[,]" there are simply insufficient facts pleaded to demonstrate that any monies related to this contract should have been paid to Plaintiff pursuant to Section 9 of the "Sales Rep Agreement" between the parties (i.e., that a

breach of contract has occurred relating to the subject matter of the Key Customer contract). (*See, e.g., id.*, ex. A at ¶ 9) Telestax's 12(c) Motion is granted without prejudice to Akula's ability to later seek to amend the Complaint with regard to Count I.

2. Telestax's 12(c) Motion is GRANTED with regard to Count II (Akula's unjust enrichment claim). Count II makes clear that any unjust enrichment claim is premised on Telestax's failure "to compensate Plaintiff in violation of the terms of the [contractual] Agreement" between the parties. (D.I. 1 at ¶ 25) Under Delaware law,[1] a party cannot "seek recovery under an unjust enrichment theory if a contract is the measure of the plaintiff's right." *ID Biomedical Corp. v. TM Techs., Inc.*, Civ. A. No. 13269, 1995 WL 130743, at *15 (Del. Ch. Mar. 16, 1995) (internal quotation marks, citations and brackets omitted); *see also Moon Express, Inc. v. Intuitive Machs., LLC*, Civil Action No. 16-344-LPS-CJB, 2017 WL 4217335, at *8-9 (D. Del. Sept. 22, 2017) (same). Here, Akula's unjust enrichment claim in Count II is clearly premised on allegations that Telestax breached a valid contract that governed the obligations of the parties, and that "contract is [therefore] the measure of [Akula's] right." In light of that, as well as the fact that Defendant does not appear to challenge the existence or validity of the Sales Rep Agreement, (D.I. 28 at ¶ 16), Count II must be dismissed. The motion is granted without prejudice to Akula's ability to later seek to amend the Complaint (if necessary) with regard to Count II.

3. With regard to Count III of Akula's Complaint (Akula's "Account Stated" Claim), Telestax's 12(c) Motion was not opposed as to that Count and is therefore GRANTED.

4. Akula's Motion to Amend is DENIED, as it is undisputed that Akula did not

---

[1] Delaware law applies here. (*See, e.g.*, D.I. 1, ex. A at ¶ 17)

comply with the portion of the Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware 7.7.1 requiring that the parties engage in reasonable efforts to reach agreement on the matters at issue in a motion, including "oral communication[,]" prior to the filing of a motion. *See* D. Del. LR 7.1.1; (D.I. 26).

5. The Court nevertheless HEREBY ORDERS that Akula be permitted to file a new amended complaint by no later than **30 days from the date of this Order**, which shall take into account the substance of the Court's rulings herein. To that end, the Court expects that Akula's new amended complaint will not include Counts II and III. With regard to Count I, however, to the extent that Akula believes that it can plausibly set out a broader claim beyond its current breach of contract claim (i.e., that resulting in damages in the amount of $109,397), Akula may attempt to do so. Prior to the submission of such an amended complaint, the parties shall meet and confer, in an attempt to mitigate future motions practice with regard to that forthcoming pleading.

Dated: October 11, 2018

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE